LAW OFFICES OF BERNARD R. SCHWAM
Bernard R. Schwam, Esq. SBN-67452
*bschwam@sbcglobal.net*
16133 Ventura Blvd., Penthouse
Encino, CA 91436
(818) 986-3775, Fax (818) 788-3153

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARBIS ABRAHAMIAN,<br><br>          Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; AND AETNA LIFE INSURANCE COMPANY,<br><br>          Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**<br><br>**[29 U.S.C. Section 1132]** |

Plaintiff, KARBIS ABRAHAMIAN (hereinafter referred to as "Plaintiff"), complains of Defendants HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND AETNA LIFE INSURANCE COMPANY, (hereinafter referred to as "HARTFORD" and/or "AETNA" or "Defendants") as follows:

**JURISDICTION AND VENUE**

1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101 . et. seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan

("Plan") regulated and governed under ERISA. Jurisdiction is predicated under these Code Sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2).

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. On March 23, 2022, Plaintiff was informed that HARTFORD had denied his appeal of the denial of his long term disability ("LTD") benefits and, therefore, all administrative remedies had been exhausted.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that the Plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, THE HOME DEPOT U.S.A., INC. (hereinafter referred to as "HOME DEPOT") to provide its employees with group long term disability benefits, and to pay a portion of a covered employee's income during a period of disability.

6. Plaintiff is an individual citizen and resident of the State of California, Los Angeles County, residing within the Central District of the State of California.

7. Plaintiff is informed and believe and thereon alleges that HARTFORD insures the Plan and is contractually obligated to pay benefits for claims covered under the Plan, which Plan was formerly insured by AETNA.

## FACTUAL BACKGROUND

8. At all times relevant hereto, Plaintiff, currently age 58, was employed by HOME DEPOT as a master electrical specialist. Plaintiff worked for HOME DEPOT until he became disabled on or about April 6, 2018.

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

9. Plaintiff's job at HOME DEPOT required that he be primarily responsible for actively seeking and providing customer service to all customers, with an emphasis on residential, repair and remodel, and other professional customers within the electrical department. He would work with Pro Account Sales Associates in developing relationships with Pro Account Sales customers, and providing a familiar face to those customers. Plaintiff's duties also required Plaintiff to provide advanced product knowledge and excellent service to customers including, but not limited to, escorting customers to the appropriate department at HOME DEPOT and describing features and benefits of merchandise which the customer may be interested in purchasing. Further, Plaintiff had to explain the steps needed to complete projects, and the products needed to complete those projects, and also to assist customers with special orders and installed sales. In addition to those duties described herein, Plaintiff also had to lift heavy materials that were greater than 60 to 70 pounds, and maintain materials on the shelving of HOME DEPOT. The job required extensive bending, stooping, standing, and working on a computer since Plaintiff had to cut electrical wire, wood, keys, ropes, blinds and mix paint. Plaintiff was also responsible for providing a safe environment by following all safety policies and standards, completing specified training, immediately correcting hazards and unsafe conditions and reporting conditions to the manager on duty, and working safely as to not endanger employees, co-workers, vendors or customers.

10. Since HARTFORD has never paid any long-term disability benefits to Plaintiff, the definition of disability in accordance with the AETNA/HARTFORD Long-Term Disability Plan indicate that in order to qualify for long-term disability, the applicant must not be able to perform the material duties of his own occupation solely because of an illness, injury or disabling pregnancy-related condition; and his earnings are 80% or less of his adjusted pre-disability earnings.

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

11.   Plaintiff appealed the denial of benefits on December 15, 2021 and said appeal was denied on March 23, 2022, thereby exhausting all administrative remedies.

12.   Plaintiff's disability is due to a severe back injury with lumbar spine disc herniation, lumbar spine radiculopathy, right elbow lateral epicondylitis, and left wrist strain, diagnosed by Dr. Farahnaz Jalali. MRI studies revealed disc herniation with abutment of descending right S1 nerve root. Plaintiff was also examined by Dr. Meri M. Matti who diagnosed Plaintiff was suffering from constant moderate to severe low back pain and stiffness with radiating pain into the bilateral lower extremities. Due to continuous pain and lack of significant improvement in Plaintiff's condition, further MRI studies were completed at Glenoaks Imaging Professionals on or about August 13, 2020. The MRIs revealed multilevel facet arthropathy; at L5-S1 a posterior annular tear with a 3mm midline and a right paracentral disc protrusion resulting in abutment of the descending S-1 nerve root was observed. Plaintiff also has a 2mm broad midline disc bulge resulting in abutment of the descending L5 nerve roots bilaterally at L4-L5. Dr. Matti's diagnosis indicates that Plaintiff suffers from disc protrusion, lumbar spine, lumbar spine neuritis/radiculitis and lumbar sensation disturbance, along with lumbago, lumbar sprain/strain, lumbar myospasm, lumbar myalgia, lumbar enthesopathy, lumbosacral subluxation and sleep disturbance, thus rendering Plaintiff totally and permanently disabled. These findings were in accord with the medical opinions of Dr. Kasimian and Dr. Davoudi who confirmed that Plaintiff was restricted from lifting, pushing or pulling limitations only up to 10 pounds and doing no repetitive bending or twisting and no kneeling or squatting which were extensively required in Plaintiff's performance of his duties at HOME DEPOT. A workers compensation qualified medical examiner, Dr. Mohamad Sirajullah opined that Plaintiff was suffering from multiple injuries caused to his back thus

**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**

preventing Plaintiff from working in the job capacity in which he was employed by HOME DEPOT.

13. HARTFORD'S determination that there was no clinical evidence to support a continuous functional impairment is disingenuous and arbitrary and capricious, and fails to consider the overwhelming medical evidence supporting Plaintiff's disability.

## FIRST CLAIM FOR RELIEF

### For Damages and Benefits Against Defendant HARTFORD

### (Pursuant to 29 U.S.C. Section 1132(a)(1))

14. Plaintiff repeats and realleges each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

15. Regardless of whether there is or is not discretionary language in the Plan, the standard of review is de novo due to the operation of Insurance Code Section 10110.6 (effective January 1, 2012) which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable."

16. As a direct and proximate result of HARTFORD's wrongful denial of LTD benefits, Plaintiff contends HARTFORD has breached the contract by not

paying monthly benefits, at the approximate rate of $2,600.00 less applicable Social Security and Worker's Compensation offsets from on or about October 6, 2018 to the present and continuing.

17. As a further direct and proximate result of the denial of benefits, and due to Defendant's unreasonable denial, Plaintiff had to engage the services of attorneys to assist him in recovering benefits due him, under the terms of the LTD Plan. Accordingly, Plaintiff is further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

**WHEREFORE,** Plaintiff demands judgment against Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the approximate monthly rate of $2,600.00 less applicable Social Security and Worker's Compensation offsets from on or about October 6, 2018 to the present and continuing;

2. Interest on said amounts in accordance with law;

3. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

4. For any further relief that the court deems reasonable and just.

DATED: April 1, 2022      LAW OFFICE OF BERNARD R. SCHWAM

By: /s/ Bernard R. Schwam
   BERNARD R. SCHWAM
   ATTORNEY FOR PLAINTIFF
   KARBIS ABRAHAMIAN